**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| CURTIS KING, : | |
| : | Civ. Action No. 16-8993 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| MARK KIRBY, : | |
| : | |
| Respondent. : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner Curtis King's ("King") submission of a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1), and Respondent's answer to the petition. (Answer, ECF No. 4.) For the reasons discussed below, the habeas petition is denied.

I. BACKGROUND

King is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton"). (Pet. at 1.) He was arrested on October 12, 2001, and taken into custody by the New York City Police Department on the charge of attempted murder. (Declaration of Brian Erickson ("Erickson Decl.") ECF No. 8, ¶5(a)). While in custody of state officials, on August 28, 2012,

an arrest warrant was filed in the U.S. District Court, Eastern District of New York, charging King with Possession with Intent to Distribute Heroin and Unlawful Use of a Firearm, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(c) and 18 U.S.C. §924(c)(1)(A)(i). (Erickson Decl., ¶6(a) and Attach. B.) On August 30, 2012, the U.S. District Court for the Eastern District of New York issued a federal writ of habeas corpus ad prosequendum directing the United States Marshal Service to "borrow" King from Rikers Island Correctional Center in New York and produce him in federal court on August 31, 2012, for processing of federal charges. (Id., ¶6(b), Attach. C.)

A federal grand jury returned a two count indictment against King on September 12, 2012, in Criminal Action No. 12-CR-577. (Id., ¶6(d); Attach. E.) King pled guilty to one count of the indictment on September 30, 2014, and was sentenced to a sixty-month term of imprisonment. (Id., ¶6(e); Attach. A & F.) On November 12, 2014, King was returned to New York state authorities in satisfaction of the federal writ and federal sentencing detainer lodged against him. (Id., ¶6(f), Attach. D.)

In state court on November 19, 2014, King pled guilty to assault in Criminal Case No. 01924-2011. (Id., Attach. G.) He was sentenced to a five-year term of imprisonment. (Id.) Upon imposing the state sentence, the sentencing court stated, "Defendant is currently in Federal custody in MDC on docket #12-577 (NGG) serving

2

a sentence of 60 months. Sentence imposed herein shall run CONCURRENTLY with with [sic] his federal case." (Erickson Decl. ¶6(g), Attach. G.)

On January 15, 2016, King was paroled from the State of New York for service of his federal sentence. (Id., ¶6(h), Attach. D.) The City of New York Department of Corrections credited 1,188 days against King's State sentence in Criminal Case No. 01924-2011. (Id., ¶6(i); Attach. H.)

The BOP calculated King's sixty-month federal sentence as commencing on January 16, 2016, the date he was paroled from New York State to the "exclusive" custody of federal authorities. (Id., Attach A & D.) King responded by writing two letters regarding the BOP's decision not to award him prior custody credit against his federal sentence to the Honorable Nicholas G. Garaufis, District Court Judge in the Eastern District of New York. (Id., Attach. K.) Judge Garaufis construed King's letters as a motion to amend/correct judgment, denied the request, and further declined to recommend that King receive prior custody credit. (Id.)

II. DISCUSSION

King contends he should have been given prior custody credit against his federal sentence because the federal sentencing judge stated, "obviously your time in federal detention will be deducted by the Bureau of Prisons." (Pet. at 7.) He argues that he should get credit against his federal sentence because the federal judge

3

sentenced him first, and his later-imposed state sentence was concurrent. (Id.) King seeks credit for the time he spent in MDC Brooklyn, August 31, 2012 through November 12, 2014. (Id. at 8.)

Respondent argues that 18 U.S.C. § 3585(b)(2) prohibits the BOP from granting prior custody credit for time that was credited against another sentence. (Answer at 6.) King did not come into primary federal custody until January 15, 2016, the day he was released by state authorities. (Id. at 8.) King was credited for the period of August 31, 2012 through November 12, 2014 against his state sentence. (Id. at 9.) The BOP cannot award prior custody credit for any time that has been credited against any other sentence. (Id. at 11-12.) Furthermore, the federal sentencing judge only recommended that King receive prior custody credit, while acknowledging that he could not require the BOP to do so. (Id. at 13.)

The Attorney General of the United States has the responsibility of computing a federal prisoner's sentence and has delegated that task to the Federal Bureau of Prisons. U.S. v. Wilson, 503 U.S. 329, 333-35 (1992). The computation of a federal sentence involves two determinations: (1) when the federal sentence commenced; and (2) whether the prisoner is entitled to prior custody credit for time in custody prior to the commencement of the sentence. See Blood v. Bledsoe, 648 F.3d 203, 207 (3d Cir. 2011) (citing 18 U.S.C. § 3585(a), (b)).

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The sovereign that first arrests a defendant has primary jurisdiction over him until the sovereign relinquishes primary custody, for example, by expiration of the sentence. Williams v. Zickefoose, 504 F. App'x 105, 107 n.1 (3d Cir. 2012)). Release of a prisoner pursuant to a federal writ of habeas corpus *ad prosequendum* does not relinquish a sovereign's primary custody. Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir. 2010). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence." Id. (quoting United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)). Therefore, King served his state sentence first, and his federal sentence did not commence until January 15, 2016.

18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after

5

> the commission of the offense for which
> the sentence was imposed;
>
> that has not been credited against another
> sentence.

Time served in state custody that is credited toward a state sentence cannot also be credited against a federal sentence. See <u>Castro v. Sniezak</u>, 437 F. App'x 70, 72 (3d Cir. 2011) (per curiam) (quoting <u>Wilson</u>, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time.")

The BOP properly calculated King's federal sentence without granting prior custody credit for the time King spent in MDC Brooklyn because that time was credited against King's state sentence. King is not entitled to the relief he seeks.

III. CONCLUSION

In the accompanying Order filed herewith, the Court denies King's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Dated: <u>December 13, 2017</u>

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**